UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GUILLAUME POUDRIER, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>   v.<br><br>MANPOWER OF LANSING, MI, INC.<br><br>            Defendant. | **Civil Action No.**<br>**1:25-cv-956-PLM-PJG** |
| CHRISTOPHER G. PLATTER, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>   v.<br><br>MANPOWER OF LANSING, MI, INC.<br><br>            Defendant, | **Civil Action No.**<br>**1:25-cv-958-PLM-SJB** |
| MARY BROOKS, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>   v.<br><br>MANPOWER OF LANSING, MI, INC.<br><br>            Defendant, | **Civil Action No.**<br>**1:25-cv-966-PLM-PJG** |

| | |
|---|---|
| AMY DOUBLIN, individually and on behalf of all others similarly situated,  )<br>)<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>MANPOWER OF LANSING, MI, INC.  )<br>)<br>)<br>Defendant.  )<br>) | **Civil Action No.**<br>**1:25-cv-967-PLM-PJG** |
| FREDRICK COOPER, individually and on behalf of all others similarly situated,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>MANPOWER OF LANSING, MI, INC.  )<br>)<br>)<br>Defendant.  )<br>) | **Civil Action No.**<br>**1:25-cv-969-PLM-PJG** |
| SHANA I. HARMON, individually and on behalf of all others similarly situated,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>MANPOWER OF LANSING, MI, INC.  )<br>)<br>)<br>Defendant.  )<br>) | **Civil Action No.**<br>**1:25-cv-971-PLM-PJG** |

| | |
|---|---|
| LATOYA MIDDLETON, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>   v.<br><br>MANPOWER OF LANSING, MI, INC.<br><br>              Defendant. | **Civil Action No.**<br>**1:25-cv-972-PLM-PJG** |
| SARA CONRAD, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>   v.<br><br>MANPOWER OF LANSING, MI, INC.<br><br>              Defendant. | **Civil Action No.**<br>**1:25-cv-976-PLM-PJG** |
| CHRISTINE COOPER, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>   v.<br><br>MANPOWER OF LANSING, MI, INC.<br><br>              Defendant. | **Civil Action No.**<br>**1:25-cv-990-PLM-PJG** |

| | |
|---|---|
| COURTNEY HOWARD, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>MANPOWER OF LANSING, MI, INC.<br><br>          Defendant. | **Civil Action No.**<br>**1:25-cv-992-PLM-PJG** |
| DEANNA GHINELLI, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>MANPOWER OF LANSING, MI, INC.<br><br>          Defendant. | **Civil Action No.**<br>**1:25-cv-1028-PLM-PJG** |

### AMENDED ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE THE RELATED ACTIONS AND TO APPOINT INTERIM CO-LEAD CLASS COUNSEL

THIS MATTER, comes before the Court by the Plaintiffs in the above-captioned cases by their Motion, seeking to (1) consolidate the above-captioned Related Actions pursuant to FED. R. CIV. P. 42(a) under the title "*In re Manpower of Lansing, Michigan, Inc., Data Breach Litigation*" and (2) appoint Gerald D. Wells, III of Lynch Carpenter, LLP ("Lynch Carpenter"), Scott E. Cole of Cole and Van Note ("Cole & Van Note"), and Gary M. Klinger of Milberg, Coleman, Bryson, Phillips & Grossman, PLLC  ("Milberg") as Interim Co-Lead Class Counsel, pursuant to FED. R. CIV. P. 23(g)(3). Accordingly, the Court, having read the papers and for good cause shown, exercises its discretion pursuant to Federal Rule of Civil Procedure 42(a)(2) to consolidate these actions. **IT IS ORDERED** that the Motion is **GRANTED** as set forth below:

1. The following cases are hereby consolidated:

    A. *Poudrier v. Manpower of Lansing, Michigan, Inc.,* No. 1:25cv956 (filed on August 18, 2025 by the law firms of Sommers Schwartz, P.C. and Lynch Capenter, LLP);

    B. *Platter v. Manpower of Lansing, Michigan, Inc.,* No. 1:25cv958 (filed on August 18, 2025 by the law firm of Cole and Van Note);

    C. *Brooks v. Manpower of Lansing, Michigan, Inc.,* No. 1:25cv966 (filed on August 18, 2025, by the Miller Law Firm, P.C. and Milberg, Coleman, Bryson, Phillips, Grossman PLLC);

    D. *Doublin v. Manpower of Lansing, Michigan, Inc.,* No. 1:25cv967 (filed on August 18, 2025, by the Miller Law Firm, P.C. and Siri & Glimstad, LLP);

    E. *Cooper v. Manpower of Lansing, Michigan, Inc.,* No. 1:25cv969 (filed on August 19, 2025, by the Sanford Law Firm, PLLC and EKSM, LLP);

1

  F. *Harmon v. Manpower of Lansing, Michigan, Inc.,* No. 1:25cv971 (filed on August 19, 2025, by the law firm of Kopelowitz Ostrow P.A.);

  G. *Middleton v. Manpower of Lansing, Michigan, Inc.,* No. 1:25cv972 (filed on August 19, 2025, by the Miller Law Firm, P.C. and Almeida Law Group LLC);

  H. *Conrad v. Manpower of Lansing, Michigan, Inc.,* No. 1:25cv976 (filed on August 20, 2025, by the law firms of Kopelowitz Ostrow P.A and Shamis & Gentile P.A.)

  I. *Cooper v. Manpower of Lansing, Michigan, Inc.* No. 1:25cv990 (filed on August 21, 2025, by the Miller Law Firm, P.C. and Federman and Sherwood);

  J. *Howard v. Manpower of Lansing, Michigan, Inc.,* No. 1:25cv992 (filed on August 22, 2025, by the Miller Law Firm, P.C. and Edelson Lechtzin, LLP); and

  K. *Ghinelli v. Manpower of Lansing, Michigan, Inc.*, No. 1:25cv1028 (filed on August 29, 2025, by Johnson Law, PLLC and Schubert Jonckheer & Kolbe LLP).

(collectively, the "Related Actions") under the new title: "*In re Manpower of Lansing, Michigan, Inc., Data Breach Litigation*;" pursuant to Fed. R. Civ. P. 42(a) (the "Consolidated Action").

  2. The Clerk of Court is DIRECTED to administratively close *Platter v. Manpower of Lansing, Michigan, Inc.* (1:25cv958); *Brooks v. Manpower of Lansing, Michigan, Inc.* (1:25cv966); *Doublin v. Manpower of Lansing, Michigan, Inc.* (1:25cv967); *Cooper v. Manpower of Lansing, Michigan, Inc.* (1:25cv969); *Harmon v. Manpower of Lansing, Michigan, Inc.* (1:25cv971); *Middleton v. Manpower of Lansing, Michigan, Inc.* (1:25cv972); *Conrad v. Manpower of Lansing, Michigan, Inc.* (1:25cv976); *Cooper v. Manpower of Lansing, Michigan, Inc.* (1:25cv990); *Howard v. Manpower of Lansing, Michigan, Inc.* (1:25cv992); and *Ghinelli v. Manpower of Lansing, Michigan, Inc.* (1:25cv1028).

3. All papers filed in the Consolidated Action shall be filed under the lead case number 1:25cv956, the number assigned to the first-filed case, *Poudrier*, and shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| IN RE MANPOWER OF LANSING, MI, INC., DATA BREACH LITIGATION<br><br>This Document Relates to: | ) <br> ) Master File No. 1:25cv956 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

4. The case file for the Consolidated Action will be maintained under Master File No. 1:25cv956. When a pleading is intended to apply to all Actions to which this Order applies, the words "ALL ACTIONS" shall appear immediately after the words "This Document Relates To:" in the caption. When a pleading is not intended to apply to all Actions, the docket number for each individual Action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words: "This Document Relates To:" in the caption (*e.g.*, "1:25cv956").

5. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

6. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints Gerald D. Wells, III of Lynch Carpenter, LLP ("Lynch Carpenter"), Scott E. Cole of Cole and Van Note ("Cole & Van Note"), and Gary M. Klinger of Milberg, Coleman, Bryson, Phillips & Grossman, PLLC

7

("Milberg") as Interim Co-Lead Class Counsel to act on behalf of the Plaintiffs and the class members in the Consolidated Action, with the responsibilities set forth below:

- Establish and maintain a depository for orders, pleadings, hearing transcripts and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request;

- Coordinate the initiation and conduct of discovery on behalf of all plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;

- Designate counsel to schedule depositions, set agendas and otherwise interact with defense counsel, various plaintiffs' counsel and the settlement master (if one is appointed);

- Determine and present (in briefs, oral argument or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

- Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

- Delegate specific tasks to other counsel in a matter to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

- Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

- Prepare and distribute periodic status reports to the parties;

- Maintain adequate time and disbursement records covering service of designated counsel and enforce guidelines approved by the Court as to the keeping of time records and expenses;

- Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

- Perform such other duties as may be incidental to proper coordination of the plaintiffs' pretrial activities or authorized by further order of the Court; and
- Submit, if appropriate, suggestions for establishing additional committees and counsel for designation by the Court.

7. Any additional plaintiffs' counsel will do all work in this litigation only at the direction of Interim Co-Lead Class Counsel. No motion, request for discovery, or other pretrial

proceedings shall be initiated or filed by any Plaintiff except through Interim Co-Lead Class Counsel and no other Plaintiffs' counsel or firm shall be authorized to perform any work in the case without the express authorization of Interim Co-Lead Class Counsel.

8. Interim Co-Lead Class Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Interim Co-Lead Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

9. Interim Co-Lead Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile or other expeditious electronic means on counsel for Plaintiffs in any related action to the extent that Interim Co-Lead Class Counsel are aware of any such action(s) and on all attorneys for Plaintiffs whose cases may subsequently be consolidated with the above actions but who have not yet registered for ECF.

10. Plaintiffs in the Consolidated Action shall file an operative Consolidated Class Action Complaint within thirty (30) days of entry of this Order. Defendant need not respond to any of the initial complaints filed in the Related Actions.

11. Defendant shall have sixty (60) days to answer or otherwise respond to the Consolidated Class Action Complaint. Should Defendant file a motion to dismiss, the parties will meet and confer about a briefing schedule and submit a stipulated briefing schedule to the Court.

12. This Order shall apply to any action filed in, transferred to or removed to this Court which relates to the subject matter at issue in this case.

**IT IS SO ORDERED.**

Dated: October 29, 2025                              /s/ Phillip J. Green
                                                     Hon. Phillip J. Green
                                                     United States Magistrate Judge